UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BAYER,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>            Defendant. | Case No.  3:22-cv-07440-JD<br><br>**ORDER RE MOTION TO DISMISS** |

This is a civil rights case brought by pro se plaintiff Jeffrey Bayer against the City and County of San Francisco. The complaint alleges two causes of action, a Fourteenth Amendment equal protection claim under 42 U.S.C. § 1983 and a state law claim for negligence. Dkt. No. 1-1. Bayer originally filed this suit in San Francisco Superior Court. San Francisco removed the action to federal court on the basis of federal question jurisdiction. Dkt. No. 1.

San Francisco asks to dismiss Bayer's complaint for failure to state a plausible claim under Federal Rule of Civil Procedure 12(b)(6), or in the alternative for a more definite statement under Rule 12(e). Dkt. No. 6. Bayer filed an opposition.[1] The parties' familiarity with the record is assumed, and the Section 1983 claim is dismissed with leave to amend. The Court declines to take up the state law claim until a federal claim is plausibly alleged.

The Court has written extensively on the standards governing a Rule 12(b)(6) motion to dismiss, and incorporates that discussion here. *See Escobar-Lopez v. City of Daly City*, 527 F. Supp. 3d 1123, 1127-28 (N.D. Cal. 2021). In summary, Rule 8(a)(2) requires that a complaint

---

[1] Bayer's 27-page opposition brief exceeds the 15-page limit set forth in the Court's standing order for civil cases. That will be accepted on this occasion only, as a one-time accommodation for a pro se litigant. Any oversize briefs in the future will be summarily stricken and disregarded.

make "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet that rule, and to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Unity Care Grp. v. Cnty. of Santa Clara*, No. 22-cv-02221-JD, 2022 WL 17986958, at *1 (N.D. Cal. Dec. 29, 2022). This calls for "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. While Bayer, as a pro se plaintiff, is entitled to a generous reading of his complaint, he is required to meet these pleading standards, just like every other plaintiff. *See Feathers v. SEC*, No. 22-cv-05756-JD, 2022 WL 17330840, at *1 (N.D. Cal. Nov. 29, 2022).

The complaint as it presently stands does not meet these standards. To start, a significant portion of the Section 1983 claim is untimely on the face of the allegations. A Section 1983 claim is subject to the two-year statute of limitations in California Code of Civil Procedure § 335.1, and typically accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951-52 (9th Cir. 2022) (internal quotation and citation omitted); *see also Khaoone v. Sonoma Cnty. Adult Det. Facility*, No. 22-cv-04065-JD, 2022 WL 16528135, at *1 (N.D. Cal. Oct. 28, 2022). The complaint describes at considerable length events surrounding an incident that occurred on April 6, 2014, as well as an "unrelated incident" that appears to have occurred in 2018 or 2019. Dkt. No. 1-1 at ECF pp. 18-23. These portions of the complaint do not describe constitutional violations that accrued within the two years before Bayer filed suit on July 1, 2022.

Bayer's suggestion of continuing violations is unavailing. *See* Dkt. No. 16 at 19-21. This exception allows a plaintiff to seek relief for actions that occurred outside the limitations period in narrow circumstances. *See Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019). It may apply when a plaintiff alleges either "a series of related acts, one or more of which falls within the limitations period," or "the maintenance of a discriminatory system both before and during [the limitations] period." *Id.* (internal quotations and citation omitted). As a practical

matter, "little remains of the continuing violations doctrine" after the Supreme Court's decision in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). *Bird*, 935 F.3d at 748. "Except for a limited exception for hostile work environment claims -- not at issue here -- the serial acts branch is virtually non-existent." *Id.* Courts have "consistently refused to apply the systematic branch to rescue individualized claims that are otherwise time-barred." *Id.* All of this forecloses Bayer's suggestion that the exception applies to resuscitate his pre-2020 allegations.

In addition to the untimeliness problem, the complaint does not state an equal protection claim under Section 1983. To start, it does not plausibly allege that San Francisco discriminated against Bayer pursuant to an official policy, custom, or practice. Single or isolated incidents do not give rise to Section 1983 claims. *See Escobar-Lopez*, 527 F. Supp. 3d at 1127-28; *Harrison v. City & Cnty. of San Francisco*, No. 21-cv-07072-JD, 2022 WL 3093303, at *1 (N.D. Cal. June 1, 2022). Bayer says that San Francisco has rejected his requests to initiate criminal investigations and prosecutions on several occasions, but that is insufficient to show a widespread custom or policy that caused his injuries. Additionally, Bayer "must show that [San Francisco] acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations and citation omitted). As it stands, the complaint does not plausibly allege that San Francisco's treatment of Bayer was motivated by the fact that he is male.

The complaint is dismissed with leave to amend. Bayer may file an amended complaint that is consistent with this order by March 6, 2023, and he may not add any new claims without the Court's permission. The amended complaint should plainly state the factual and legal bases for each claim, and include dates for each instance of alleged misconduct. A failure to comply with this order will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 13, 2023

JAMES DONATO
United States District Judge