UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BAYER,<br><br>           Plaintiff,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>           Defendant. | Case No. 22-cv-07440-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 26 |

Before the Court is the City and County of San Francisco's motion to dismiss pro se Plaintiff Jeffrey Bayer's first amended complaint. ECF 26. Bayer opposes the motion, which is suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having carefully considered the parties' papers, the relevant legal authority, and good cause appearing, the Court GRANTS the motion WITH LEAVE TO AMEND, for the reasons set forth below.

**I.     BACKGROUND**

On July 1, 2022, Bayer commenced this action in San Francisco Superior Court, asserting a Fourteenth Amendment equal protection claim under 42 U.S.C. §1983 and a state law claim for negligence. ECF 1-1. The City removed the case to this Court on November 23, 2022 and moved to dismiss the complaint on November 30, 2022. ECF 1, 6. After full briefing, the Court[1] granted the City's motion with leave to amend. ECF 21. The order specifically provided:

> [A] significant portion of the Section 1983 claim is untimely on the face of the allegations. A Section 1983 claim is subject to the two-year statute of limitations in California Code of Civil Procedure § 335.1, and typically accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."

---
[1] At the time, the matter was assigned to the Honorable James Donato. ECF 11, 21. On May 12, 2023, the case was reassigned to this Court. ECF 34.

> *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951-52 (9th Cir. 2022) (internal quotation and citation omitted); *see also Khaoone v. Sonoma Cnty. Adult Det. Facility*, No. 22-cv04065-JD, 2022 WL 16528135, at *1 (N.D. Cal. Oct. 28, 2022). The complaint describes at considerable length events surrounding an incident that occurred on April 6, 2014, as well as an "unrelated incident" that appears to have occurred in 2018 or 2019. Dkt. No. 1-1 at ECF pp. 18- 23. These portions of the complaint do not describe constitutional violations that accrued within the two years before Bayer filed suit on July 1, 2022.
>
> Bayer's suggestion of continuing violations is unavailing. *See* Dkt. No. 16 at 19-21. This exception allows a plaintiff to seek relief for actions that occurred outside the limitations period in narrow circumstances. *See Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019). It may apply when a plaintiff alleges either "a series of related acts, one or more of which falls within the limitations period," or "the maintenance of a discriminatory system both before and during [the limitations] period." *Id.* (internal quotations and citation omitted). As a practical matter, "little remains of the continuing violations doctrine" after the Supreme Court's decision in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). *Bird*, 935 F.3d at 748. "Except for a limited exception for hostile work environment claims -- not at issue here -- the serial acts branch is virtually non-existent." *Id.* Courts have "consistently refused to apply the systematic branch to rescue individualized claims that are otherwise time-barred." *Id.* All of this forecloses Bayer's suggestion that the exception applies to resuscitate his pre-2020 allegations.
>
> In addition to the untimeliness problem, the complaint does not state an equal protection claim under Section 1983. To start, it does not plausibly allege that San Francisco discriminated against Bayer pursuant to an official policy, custom, or practice. Single or isolated incidents do not give rise to Section 1983 claims. *See Escobar-Lopez*, 527 F. Supp. 3d at 1127-28; *Harrison v. City & Cnty. of San Francisco*, No. 21-cv-07072-JD, 2022 WL 3093303, at *1 (N.D. Cal. June 1, 2022). Bayer says that San Francisco has rejected his requests to initiate criminal investigations and prosecutions on several occasions, but that is insufficient to show a widespread custom or policy that caused his injuries. Additionally, Bayer "must show that [San Francisco] acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations and citation omitted). As it stands, the complaint does not plausibly allege that San Francisco's treatment of Bayer was motivated by the fact that he is male.

ECF 21 at 2-3. The Court granted Bayer leave to file an amended complaint containing "the factual and legal bases for each claim, and [the] dates for each instance of alleged misconduct." *Id.* at 3. Bayer was not to add "any new claims without the Court's permission." *Id.*

Bayer filed a first amended complaint on March 6, 2023. ECF 25. The City filed a motion to dismiss on March 20, 2023, with a request for judicial notice. ECF 26, 27. Bayer filed an

1  opposition on to the motion on April 3, 2023.[2]  ECF 29.  The City's reply followed on April 10,
2  2023.  ECF 30.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint that fails to meet this standard may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

To overcome a Rule 12(b)(6) motion to dismiss, the factual allegations in the plaintiff's complaint "'must . . . suggest that the claim has at least a plausible chance of success.'"  *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013) (alterations in original)).  In ruling on the motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

"[A]llegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Levitt*, 765 F.3d at 1135 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  The court may dismiss a claim "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim."  *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011) (citing *Johnson v. Riverside Healthcare Sys., LP,* 534 F.3d 1116, 1121 (9th Cir. 2008)).  "[T]he non-conclusory 'factual content' and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A pro se plaintiff is entitled to a generous reading of his complaint but must still meet these pleading standards.  *See Feathers v. SEC*, No. 22-cv-05756-JD, 2022 WL 17330840, at *1 (N.D. Cal. Nov. 29, 2022).

//

---

[2] The opposition does not address any of the City's substantive arguments.  *See generally* ECF 29.

### III. DISCUSSION

Like the original, Bayer's first amended complaint fails to state a claim upon which relief can be granted. The first amended complaint retains allegations about events that occurred in 2014, 2015, and 2018. *See, e.g.*, ECF 25 at 21, 30. As explained in the Court's prior order, these events are outside the applicable limitations period and thus do not give rise to an actionable federal claim. ECF 21 at 2-2. Accordingly, to the extent Bayer relies on these events to form the basis of a federal claim, it is DISMISSED WITHOUT LEAVE TO AMEND.

The other events described in the first amended complaint also do not give rise to a plausible claim for relief. First, Bayer alleges that on March 11, 2021, his then employer, Wish, asked him to explain "'disturbing things' on [his] website." ECF 25 at 7. The website included 7-year-old blog posts in which Bayer described being assaulted by City police. *Id.* Bayer alleges that "[t]his was a direct intentional attack upon [him] and [his] salary . . . [and] **criminal harassment by people with a personal interest in silencing and further harming their victim**." *Id.* at 8 (emphasis in original). He also alleges that "[n]one of this would have happened if Defendant had not wilfully [*sic*] and intentionally deprived [him] of equal protection of the laws . . . and had not brutally violated [his] body through its employees intentional hate crimes . . . ." *Id.* at 9.

Second, Bayer alleges that on June 13, 2021, "[a]fter being forced to take a 'severance agreement' . . . the harassers in the Wish corporation . . . reneged on their harassment settlement of ~$50,000 and intentionally canceled . . . 6 months of continued fully paid health coverage." *Id.* Later that day, Bayer claims he "was accosted in [his] home by police that had let themselves in while [he] was in the bathroom," conducted a "fake search," and yelled, "**Yeah, I read your blog. I decide IF you get to stay home, I decide if you go to jail, I decide if you go to a hospital, I decide what happens to you**." *Id.* at 10 (emphasis in original).

Third, Bayer points to letters from "Defendant Mayor London N. Breed, Chief of Police William Scott, City and County of San Francisco, City Attorney, etc.[,] aiding in the commission of the SFPD crimes. Hiding them from criminal prosecution through the Defendant's intentionally designed impotent practices. Depriving [him] of justice, life, equal protection of the

4

laws . . . ." *Id.* at 14. Fourth, Bayer alleges that on January 31, 2022, he was "further harmed by this [C]ity's complicit actions in the intentional grand theft of [his] labor" when a Deputy Labor Commissioner from the Division of Labor Standards Enforcement[3] cancelled a hearing. *Id.* at 13. None of these events gives rise to an actionable claim under Section 1983 for the same reasons previously explained in the Court's order. The claim[4] is therefore DISMISSED WITH LEAVE TO AMEND. Bayer's prayer for punitive damages, however, is DISMISSED WITHOUT LEAVE TO AMEND because the City is immune from punitive damages under Section 1983. *Melendez v. City of Mountain View*, No. 21-CV-02651-BLF, 2021 WL 5359379, at *7 (N.D. Cal. Nov. 17, 2021).

In light of the dismissal of Bayer's sole federal claim, the Court declines to exercise supplemental jurisdiction over any state law claim, which stands dismissed. *See Bridges v. Geringer*, No. 5:13-CV-01290-EJD, 2015 WL 2438227, at *1 n.2 (N.D. Cal. May 21, 2015).

## IV.   CONCLUSION

For the reasons set forth above, the motion to dismiss is granted with leave to amend. Bayer may file a second amended complaint by no later than October 13, 2023. Bayer is reminded that he may not add any new claims without the Court's permission. The second amended complaint should provide the factual and legal bases for each claim and include dates for each instance of alleged misconduct.

//
//
//
//
//

---

[3] Pursuant to Fed. R. Evid. 201(b), the City asks that the Court take judicial notice of the fact that the Division of Labor Standards Enforcement is a state agency. ECF 27. The Court grants the request.

[4] Because Bayer did not seek leave of Court prior to adding additional claims to the first amended complaint, the Court has disregarded them here and only analyzed the Fourteenth Amendment equal protection claim brought under Section 1983.

In preparing a second amended complaint, Bayer may wish to contact the Federal Pro Bono Project's Help Desk—a free service for pro se litigants—by calling (415) 782-8982 to make an appointment to obtain legal assistance from a licensed attorney. More information about the program is available online at the Court's website <https://www.cand.uscourts.gov>.

**IT IS SO ORDERED.**

Dated: September 14, 2023

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**