UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY BAYER,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO,

    Defendant.

Case No. 22-cv-07440-AMO

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 56

Before the Court is pro se Plaintiff Jeffrey Bayer's second motion for a temporary restraining order. ECF 56. Bayer seeks an order providing that:

(1) The City's employees are to stay at least 10 yards away from him.

(2) The City's employees are not to contact him by any means other than email and U.S. mail.

(3) The City's employees are to return his leather jacket.

*Id.* at 15. Bayer demands that the temporary restraining order remain active until two conditions are met. *Id.* First, the City has returned his leather jacket. Second:

> police incident reports are taken BY EMAIL (clearly stating the victim is Jeffrey Bayer) by the Defendant's law enforcement employees (regarding their intentional victim/plaintiff harassment, grand theft of victim's property, and deprivation of rights), arrests have been made of all defendant's employees involved, and criminal prosecution has been completed by a criminal court jury determining their guilt (or otherwise).

*Id.* (emphasis in original).

The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A court considers four factors before granting preliminary relief: (1) whether

the applicant is likely to succeed on the merits of the action; (2) whether the applicant is likely to suffer irreparable harm in the absence of preliminary relief; (3) whether the balance of the equities tip in the applicant's favor; and (4) that an injunction is in the public interest.  *Doe v. Reed*, 586 F.3d 671, 676 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22.

"An adequate showing of irreparable harm is the 'single most important prerequisite for the issuance of a [temporary restraining order].'"  *Universal Semiconductor, Inc. v. Tuoi Vo*, No. 5:16-CV-04778-EJD, 2016 WL 9211685, at *2 (N.D. Cal. Nov. 29, 2016) (quoting *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005)).  "To successfully make that showing, the moving plaintiff must 'demonstrate that irreparable injury is *likely* in the absence of an injunction.'"  *Id.* (quoting *Winter*, 555 U.S. at 22) (emphasis in original).  "A [temporary restraining order] ordered on anything less is 'inconsistent' with the 'characterization of injunctive relief as an extraordinary remedy . . . .'"  *Id.* (quoting *Winter*, 555 U.S. at 22).

The extraordinary remedy Bayer seeks by the instant motion is not warranted.  Bayer waited until November 30, 2023, more than one year after the City removed his case to this Court on November 23, 2022, to seek a temporary restraining order.  *See* ECF 1, 46.  Bayer then waited nearly one-month after the Court denied the first motion for a temporary restraining order to re-file an identical motion.  *See* ECF 53, 56.  The substantial delay in seeking relief is "undermines [Bayer's] claim that he will suffer irreparable harm in the absence of a [temporary restraining order]."  *See Perez v. City of Petaluma*, No. 21-CV-06190-JST, 2021 WL 3934327, at *1 (N.D. Cal. Aug. 13, 2021) (collecting cases).

Accordingly, Bayer's second motion for a temporary restraining order is DENIED.

**IT IS SO ORDERED.**

Dated:  February 5, 2024

**A**RACELI **M**ARTÍNEZ-**O**LGUÍN
**United States District Judge**

2