UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BAYER,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>        Defendant. | Case No. 22-cv-07440-AMO<br><br>**ORDER DENYING MOTION TO DISQUALIFY**<br><br>Re: Dkt. No. 57 |

Plaintiff Jeffrey Bayer, who is not represented by counsel, moves to disqualify the undersigned from presiding over this action pursuant to 28 U.S.C. § 144.

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.[1] An affidavit is legally sufficient where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (internal quotations and citation

---

[1] Because Section 144 governs here, the Court does not address Bayer's references to California Civil Code § 1208, which provides that "[e]very person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his or her rights."

omitted). The presiding judge has the authority to "pass upon [the affidavit's] legal sufficiency." *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978). After the judge determines that "the legal sufficiency of the affidavit has been established," the motion is "referred to another judge for a determination of its merits." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citations omitted); *see also* Civil L.R. 3-14 ("Whenever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge.").

Bayer seeks disqualification in part because of the undersigned's adverse rulings on successive motions for temporary restraining orders, claiming that those decisions demonstrate malice towards him. ECF 66 at 2-3. Assuming, without deciding, that Bayer's prior motion to disqualify Judge Donato does not preclude him from filing the second motion to disqualify now pending before this Court, Bayer's affidavit[2] is nonetheless legally insufficient. "[C]onduct or rulings made during the course of the proceeding," such as the Court's orders denying Bayer's motions for temporary restraining orders, are not grounds for disqualification. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) ("The bias or prejudice alleged arose from conduct during the judicial proceeding, and the motion and affidavit, thus, were legally insufficient.").

Bayer also seeks disqualification on the basis of claimed bias or prejudice stemming from a purported connection between the undersigned and the Defendant City and County of San Francisco. ECF 66 at 3. He asserts that the undersigned "was appointed to the judge position by [a] tie-breaking vote of [the] previous District Attorney for the Defendant," is acting in collusion with Defendant's employees," and "is not capable of acting without bias or prejudice as shown by

---

[2] Given Bayer's pro se status, the Court construes Bayer's "Motion & Affidavit to Disqualify Judge," ECF 57, and the subsequently filed "Motion Affidavit Disqualify Judge," ECF 66, as a single affidavit for purposes of the analysis set forth above.

1   the fact that this case should have been in front of and decided by a jury long ago[.]" *Id.*; ECF 57
2   at 2.
3         These assertions also do not warrant disqualification. Bayer has not demonstrated that the
4   undersigned has any personal relationship to any employee of Defendant. To the extent he
5   suggests such a relationship exists because a previous District Attorney cast a tie-breaking vote
6   during the judicial confirmation process, that amounts to nothing more than speculation. Such
7   speculation is insufficient to warrant recusal. *See Clemens v. U.S. Dist. Ct. for Cent. Dist. of*
8   *California*, 428 F.3d 1175, 1180 (9th Cir. 2005) (finding that speculation about a judge's personal
9   relationships is not a basis for disqualification under 28 U.S.C. § 455).[3] In any event, even if the
10  claimed personal connection existed, that alone would not entitle Bayer to prevail on the instant
11  motion. *See Sewer Alert Comm. v. Pierce Cnty.*, 791 F.2d 796, 798 (9th Cir. 1986) (district court
12  did not abuse discretion in denying motion for recusal where the alleged conflict of interest, bias,
13  and prejudice stemmed from judge's acquaintance with the defendants and his residence in the
14  county subject to the litigation).
15        Bayer also lacks any facts to support the contention that this case has not advanced to trial
16  because of any bias or prejudice of the undersigned or because the undersigned is acting in
17  collusion with Defendants. This case has not advanced to trial because Bayer has yet to state a
18  plausible claim for relief under federal law.[4] Absent such a claim, the case will not survive
19  beyond a motion to dismiss. Bayer's assertions of collusion and bias or prejudice are thus merely
20  veiled attacks on the Court's rulings on past motions to dismiss, but again, adverse rulings are not
21  a basis for recusal. *See Toth*, 862 F.2d at 1388.

---

[3] Whether under Section 144 or Section 455, "recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993); *see also Sibla*, 624 F.2d at 867 (concluding that the substantive test for recusal under Section 144 or Section 455 is the same).

[4] Both Judge Donato and the undersigned have declined to exercise supplemental jurisdiction over any alleged state law claim until Bayer states a viable claim under federal law. *See* ECF 21 at 1; ECF 39 at 5.

3

1    For the reasons set forth above, the Court finds that Bayer's affidavit is legally insufficient.
2 Because Bayer's affidavit is legally insufficient, the motion to disqualify is DENIED. If Bayer
3 wishes to proceed before a different judge, the Court reminds him of the option to consent to
4 magistrate judge jurisdiction. *See* Civil L.R. 73-1(b) ("In cases that are assigned to a District
5 Judge, the parties may consent at any time to the Court reassigning the case to a Magistrate Judge
6 for all purposes, including entry of final judgment, pursuant to 28 U.S.C. § 636(c)."). The one-
7 page form to consent to a magistrate judge is available on the Court's website at
8 https://cand.uscourts.gov/forms/civil-forms/ .

**IT IS SO ORDERED.**

Dated: February 22, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**